UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
C. NIGEL ALLISON,

                            Plaintiff,                  **MEMORANDUM & ORDER**
                                                                          18-CV-2393 (PKC)

   -against-

SUNNYSIDE POST OFFICE, UNITED
STATES POSTAL SERVICE,

                            Defendants.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      C. Nigel Allison ("Allison"), proceeding *pro se,* filed this complaint against the United States Postal Service ("USPS") and his local USPS post office for damages sustained as a result of undelivered mail. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons stated herein, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND[1]

      From March 19, 2018 to March 27, 2018, Plaintiff waited at his home in Sunnyside, New York for the USPS delivery of two packages containing parts to repair a printer. (Complaint, Dkt. 1, at 5.)[2] He states that although he never left the apartment and no postal employee contacted him, on March 21, 2018, a "pink slip", indicating a failed delivery of two packages, was left in his mailbox. (*Id.* at 7.) When there was no attempt to re-deliver the packages, Plaintiff tried to claim the packages at the Sunnyside Post Office, his local USPS post office, but was not successful. (*Id.* at 7-8.) Plaintiff alleges that because the packages were not delivered, he lost the value of the

---

[1] The facts recited herein are taken from Plaintiff's complaint, and are assumed to be true.

[2] All page numbers refer to the pagination generated by the CM/ECF system and not the document's internal pagination.

1

printer parts and a job opportunity. (*Id.*) Plaintiff alleges that the failure to deliver was a "deliberate action" taken by the USPS employee assigned to his address, and is part of a history of poor performance by his local post office and the postal employees who have been assigned to his address. (*Id.* at 9-12.) He attaches to his complaint an undated letter to the Sunnyside Post Office in which he complains about the performance of his assigned letter carrier, the manager of the Sunnyside Post Office during the failed March package delivery, and a previous letter carrier named "Eddy" assigned to his route for five years, who regularly failed to deliver Plaintiff's mail. (*Id.* at 9, 12.) Plaintiff seeks damages.

## STANDARD OF REVIEW

If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 90 F.3d 411, 416–17 (2d Cir. 2015). "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*" *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the same time, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court construes Plaintiff's claim regarding the USPS's failure to deliver Plaintiff's packages as a common law tort claim against the USPS, and, as a consequence, one which must

be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).[3] *See Przespo v. U.S. Post Office*, 177 F. Supp. 3d 793, 796 (W.D.N.Y. 2016) (construing a claim for "gross mishandling" of a fragile package by USPS as sounding in tort); *Brown v. eBay,* 14-CV-2803 (ENV)(VMS), 2014 WL 7342898, at *2 (E.D.N.Y. Dec. 23, 2014) (construing a cause of action against the USPS for failure to deliver a package as a tort claim); *Kuhner v. Montauk Post Office*, No. 12-CV-2318 (JFB)(GRB), 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013).

Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The USPS, like the United States, is generally immune from suit. *United States v. Bormes,* 568 U.S. 6, 9-10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992))); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

The FTCA "waived the United States'[s] sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). However, Congress created certain exceptions to its waiver of sovereign immunity, including the "postal matter exception," which explicitly retains sovereign immunity with regard to "any claim

---

[3] Despite liberally construing the complaint, the Court finds that Plaintiff fails to allege a breach of contract claim against the USPS because there is no indication that Plaintiff, who was the addressee of the package, entered into a contract with the USPS. *See, e.g., Lam v. U.S. Postal Serv.*, No. 06-CV-0268 (JG), 2006 WL 2729199, at *3 (E.D.N.Y. Sept. 25, 2006) ("[C]laims against [the USPS] for the value of the contents of the lost mail . . . may be maintained to the extent that the USPS consents to be liable, and the extent of its liability is defined by the postal laws and regulations. . . . The [relevant postal regulation's] terms are limited to the rights and responsibilities of senders, not addressees." (citation and internal quotation marks omitted)); *cf. Simat USA, Inc. v. U.S. Postal Serv.*, 218 F. Supp. 2d 365, 366 (S.D.N.Y. 2002) ("To the extent Plaintiff's claim is that she entered into a contract with USPS because her package was insured up to fifty dollars, her claims sounds in contract."); *Coley v. U.S. Postal Serv.,* No. 11-CV-986 (TDS), 2013 WL 2474357, at *1 (M.D.N.C. 2013).

arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

Here, Plaintiff's claim relates to an undelivered mail package which "clearly falls within the 'postal matter exception' to the waiver of sovereign immunity." *Dolan*, 546 U.S. at 480 (noting that Congress intended to retain sovereign immunity "for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address"). Therefore, Plaintiff's tort claim against the USPS and the Sunnyside Post Office is barred by sovereign immunity and the Court lacks subject matter jurisdiction over the claim. 28 U.S.C. § 2680(b); *see also Gildor v. U.S. Postal Serv.,* 179 F. App'x 756, 758-59 (2d Cir. 2006) (dismissing tort claims alleging negligence by USPS in "mis-delivering" a package); *Brown v. eBay,* 2014 WL 7342898, at *2; *Blanc v. U.S. Postal Serv.*, No. 14-CV-1404 (ARR)(LB), 2014 WL 931220, at *2 (E.D.N.Y. Mar. 10, 2014); *Azeez v. United States*, No. 10-CV-3591 (JG), 2010 3310699, at * 1 (E.D.N.Y. Aug. 19, 2010). Thus, Plaintiff's tort claim is dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[4]

Plaintiff has also not suggested a basis for subject matter jurisdiction for his claim regarding dissatisfaction with the service provided at his post office and by his letter carrier, nor, even with the generous interpretation of the complaint afforded to *pro se* litigants, can the Court determine a basis for its jurisdiction over this claim. Nothing in the complaint suggests the

---

[4] Although this Court is not the proper place for Plaintiff's complaint regarding his mail service, since Plaintiff is *pro se*, the Court notes that, according to the United States website, USA.gov, if an individual has a complaint about the USPS, he may: (1) utilize the USPS's website's "Email Us" form; (2) call 1-800-ASK-USPS (1-800-275-8777) or TTY: 1-800-877-8339; (3) speak to the station manager (postmaster) at a local post office; and/or (4) write to the U.S. Postal Service's Consumer Advocate office at: United States Postal Service, Office of the Consumer Advocate, 475 L'Enfant Plaza, SW, Washington, D.C. 20260-2200. *See* https://www.usa.gov/complaint-against-government#item-211562 (last visited April 25, 2018).

existence of a "colorable federal claim" related to his dissatisfaction with his post office and mail delivery that would invoke federal question jurisdiction. *See Chestnut v. Wells Fargo Bank, N.A.*, No. 1 l-CV-5369 (JS)(ARL), 2012 WL 601785, at *3 (E.D.N.Y. Feb. 22, 2012). Accordingly, this claim is also dismissed for lack of subject-matter jurisdiction.

## LEAVE TO AMEND

Generally, a *pro se* complaint should not be dismissed without the Court granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted). However, as this Court lacks jurisdiction over Plaintiff's claims, "leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed. The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and terminate this case accordingly.

SO ORDERED.

/s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: May 7, 2018
       Brooklyn, New York